Judge Robart

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.   CR06-220 JLR |
| Plaintiff, | |
| v. | ORDER CONTINUING TRIAL |
| DOMINGO SANTANA, <br> ANDRES VIZCARRA, <br>  a.k.a. ANDRES VIASCARRA, <br>  a.k.a. ANDRES VIZCARRA MORENO, <br> ADRIAN SANTANA, <br> DARIO VILLARREAL and <br> MIGUEL GARCIA-HERNANDEZ, | |
| Defendants. | |

This matter having come before the undersigned Court by operation of a joint motion of counsel, except counsel for defendant Adrian Santana, and based on the facts contained in the motion, including the recent substitution of counsel for defendants Domingo Santana and Andres Vizcarra and the pending motion to withdraw by counsel for Adrian Santana, and the Court being fully advised in the matter, now finds that;

The trial was scheduled for December 11, 2006.  Acknowledging that new counsel need additional time to review and prepare the case, and that counsel have other cases which are scheduled for trial on various dates in January and February of 2007, counsel ask for a continuance of the trial date until March 27, 2007. Pretrial motions shall be filed by February 23, 2007.  The government has no objection to the requested continuance.

ORDER CONTINUING TRIAL - 1 <br>
United States v. Santana et al/CR06-220-JLR

UNITED STATES ATTORNEY <br>
700 Stewart Street, Suite 5220 <br>
Seattle, Washington 98101-1271 <br>
(206) 553-7970

The Court is aware that time limitations for trial and speedy trial concerns are set forth in Title 18, United States Code, Section 3161, which reads in part:

> (c)(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.
>
> \*      \*      \*
>
> (2) Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears. . . .

Section 3161(h) outlines the periods of excludable time, including:

> (8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>
> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
> \*   \*   \*
>
> (ii) Whether . . .it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> \*   \*   \*
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or

ORDER CONTINUING TRIAL - 2
United States v. Santana et al/CR06-220-JLR

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

In this matter, the Court finds that further time is reasonable and necessary to address the pending motion to withdraw by one counsel, to allow new defense counsel adequate time to diligently prepare for trial and, to allow all counsel adequate time on this matter as well as other trials already scheduled. The Court previously has examined the charges and determined that the defendants are charged together in two conspiracies and that no motions to sever are pending. The defendants and charges appear to be intertwined and should be tried together. Additionally there are no victims who either object to or would be prejudiced by a continuance. Based on the foregoing, the Court finds that the ends of justice are served by the requested continuance. Therefore, the time between December 11, 2006 and March 27, 2007 is excludable time under Title 18 U.S.C. Section 3161 and the trial in this matter is continued until March 27, 2007.

Dated this 4th day of December, 2006.

JAMES L. ROBART
United States District Judge

ORDER CONTINUING TRIAL - 3
United States v. Santana et al/CR06-220-JLR

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970